**CHANG QING XU, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 06–3583–ag.

United States Court of Appeals, Second Circuit.

April 23, 2007.

Chun W. Wong, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, William C. Minick, Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Chang Qing Xu, a native and citizen of the People's Republic of China, seeks review of a July 20, 2006 order of the BIA affirming the March 11, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Qing Xu*, No. A77 740 693 (B.I.A. July 20, 2006), *aff'g* No. A77 740 693 (Immig. Ct. N.Y. City Mar. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and affirms, then modifies the IJ's decision, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review legal issues, and the application of law to fact, *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the agency's conclusion that, even if credible, Xu failed to demonstrate a well-founded fear of persecution based on the 1999 incident in China, when he allegedly helped three pregnant women escape from forcible abortions. Xu concedes that he did not experience past persecution, and therefore, he is not entitled to the presumption of a well-founded fear. *Cf.* 8 C.F.R. § 1208.13(b)(1). Moreover, as the BIA noted, he failed to establish that any arrest warrant was ever issued. He testified only that he heard from a friend that the police had come to his house and showed his parents a piece of paper; he admitted that this paper "could have been anything." His mother also did not mention any arrest warrant in either her 2002 or 2004 letter.

In addition, the IJ and BIA reasonably concluded that he failed to establish that the police were still looking for him, when he testified that their visits had become increasingly less frequent since 1999, and that they now came "seldom." His mother did not specifically refer to any recent visits in her 2004 letter. Accordingly, a reasonable fact-finder would not be compelled to conclude, contrary to the agency, that Xu demonstrated an objectively reasonable fear of arrest and punishment amounting to persecution.

A reasonable fact-finder likewise would not be compelled to conclude that Xu demonstrated an objectively reasonable fear of sterilization based on the birth of his only child in the United States. Xu and his wife, who is not included in these

proceedings, are legally married, and have one child born in 2002. Although Xu claimed that he wanted to have a large family in the future, he suggested that he did not have any immediate plans to have more children. According to the 2004 State Department reports in the record, married couples are allowed to have one child, and can sometimes apply for permission to have an additional child. Based on this record, the IJ reasonably found Xu's claims that he or his wife would be sterilized, if they had more children, too speculative to be considered well-founded. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005) (per curiam).

Finally, the agency reasonably determined that Xu failed to establish an objectively reasonable fear that he would suffer harm rising to the level of persecution or torture based on his illegal departure from China. The State Department reports indicated that individuals like Xu, who had made only one illegal departure, were generally subjected to fines, at most. Such punishment does not constitute persecution, *see Matter of S–L–L–*, 24 I. & N. Dec. 1, 12–13 (BIA 2006), and Xu failed to allege any circumstances that would render him, in particular, more likely than not to suffer additional punishment amounting to torture. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir. 2005); *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003).

Because XU has failed to establish his eligibility for asylum, he has necessarily failed to establish eligibility for withholding of removal. *See Zhou Yun Zhang*, 386 F.3d at 71. Further, having considered each factual basis on which Xu asserted that he faced the possibility of torture, the agency reasonably found that he failed to establish that he was more likely than not to be tortured and therefore denied him CAT relief. *See Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED.